IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT CHAMBERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.: CIV-16-0760-HE |
| | ) |
| AMERICAN BANKERS INSURANCE | ) (Cleveland County District Court |
| COMPANY OF FLORIDA, | ) Case No. CJ-2016-646) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

**COMES NOW** American Bankers Insurance Company of Florida ("ABIC"), the Defendant herein, by and through counsel, in accordance with applicable law, including but not limited to, 28 U.S.C. §§ 1332, 1441 and 1446 appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, and hereby gives notice of the removal of this action from the District Court in and for Cleveland County, Oklahoma, to the United States District Court for the Western District of Oklahoma, and in support thereof would show unto the Court the following, to wit:

1.   This action was commenced by the filing of a Complaint being Case No. CJ-16-646 in the District Court in and for Cleveland County, Oklahoma, a court within this judicial district.

2.   A copy of all process, pleadings and orders on file in the state court below are hereto attached as follows: Exhibit 1 – Docket Report; Exhibit 2 – Petition; and

Exhibit 3 – Certificate of Service by Mail.

3. This Court has diversity jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332 because the parties properly joined and served are completely diverse, and because the amount in controversy exceeds $75,000.00.

4. This Notice of Removal has been timely filed within thirty (30) days after receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. This notice of removal is being filed less than one year since the commencement of the action.

5. Contemporaneously with the filing of this Notice of Removal, a copy of this Notice is being filed with the District Court in and for Cleveland County, Oklahoma, and is being served upon counsel of record.

## DIVERSITY JURISDICTION

6. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Generally. — Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> \*\*\*
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

7. Plaintiff's Petition states that Plaintiff is a resident of Cleveland County,

Oklahoma. (Exhibit 2 - Petition, at ¶1.) Therefore, for purposes of diversity jurisdiction, Plaintiff is deemed to be a citizen of Oklahoma.

8. This action is properly removable under 28 U.S.C. § 1441(a) and (b) because this United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> a. The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between - -
>
> > i. Citizens of different states . . . .

A. **DIVERSITY OF CITIZENSHIP**

9. There is a complete diversity of citizenship between the Plaintiff and the Defendant.

10. As stated above, Plaintiff is a citizen of the State of Oklahoma.

11. American Bankers Insurance Company of Florida is a corporation organized and existing pursuant to the laws of the State of Florida, with its principal place of business located in the State of Florida. (*See* Exhibit 4 - Declaration.) Therefore, ABLAC is a citizen of the State of Florida for diversity jurisdiction purposes. *See* 28 U.S.C. § 1332(c)(1).

B. **AMOUNT IN CONTROVERSY**

12. "[W]hen a single plaintiff has multiple claims against a defendant or against two or more defendants, the Court should consider the aggregate value of the claims for the purposes of the amount in controversy." *Chidester v. Kaz, Inc.*, 2007 WL 1087728, *3 (N.D. Okla. Apr. 9, 2007) (citing *Alberty v. Western Sur. Co*., 249 F.2d 537, 538 (10th Cir.1957)). Claims for punitive damages may be considered in determining the

amount in controversy. *Flowers v. EZPawn Okla., Inc.*, 307 F. Supp.2d 1191, 1198 (N.D. Okla. 2003)(citing *Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943)). Claims for attorneys' fees may also be calculated as a part of the amount in controversy in a bad faith case. *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp.2d 1272, 1277 (N.D. Okla. 2006).

13. Plaintiff's Petition alleges that ABIC issued a policy of personal automobile insurance to him that included uninsured motorist benefits up to a limit of $50,000.00. (Exhibit 2 - Petition, at ¶¶8, 10.) Plaintiff's Petition further alleges that he incurred over $69,000 in medical benefits as the result of an automobile accident; that he demanded that ABIC pay him the $50,000.00 policy limits for uninsured motorists medical pay benefits, which demand he alleges ABIC denied; thus, Plaintiff alleges ABIC breached the insurance contract. (*Id.* at ¶¶7-14.) Plaintiff's Petition further alleges this alleged breach was in bad faith, allegedly entitling Plaintiff to damages, punitive damages, attorney's fees and other relief "in an amount in excess of $75,000.00[.]" (*Id.* at ¶¶19-25 and unnumbered paragraph beginning "WHERFORE".)

14. In cases removed to federal court based on diversity jurisdiction, 'the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy....' 28 U.S.C. § 1446." *Gable v. MSC Waterworks Co., Inc.*, 12-CV-0047-CVE-PJC, 2012 WL 1118980 (N.D. Okla. Apr. 3, 2012). Where it is clear from the face of the petition that the Petition seeks in excess of $75,000.00, the amount in controversy requirement is satisfied. *Walls v. American Tobacco Co., Inc.*, 1997 WL 1121361, *1 (N.D. Okla. July 10, 1997).

15. As demonstrated above, it is apparent from the face of Plaintiff's Petition that Plaintiff seeks actual damages, punitive damages and attorneys' fees, far in excess of the jurisdictional threshold of $75,000.

## CONCLUSION

16. As stated above, there is complete diversity of the parties properly joined and served. As demonstrated above, the amount in controversy is clearly satisfied based on the face of Plaintiffs' Petition. Thus, diversity jurisdiction is present.

**WHEREFORE**, Defendant requests that this Court proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the District Court in and for Cleveland County, Oklahoma, be hereby stayed.

This, the 5th day of July, 2016.

Respectfully submitted,

*s/J. Derrick Teague*
J. Derrick Teague, OBA #15131
JENNINGS TEAGUE, P.C.
204 North Robinson, Suite 1000
Oklahoma City, Oklahoma 73102
Telephone: (405) 609-6000
Facsimile: (405) 609-6501
Email: dteague@jenningsteague.com

**ATTORNEY FOR DEFENDANT
AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA**

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of July, 2016, I served the foregoing document on the following parties via the Court's electronic case filing system on the date herein stated:

>Simone Gosnell Fulmer, Esq.
>Harrison C. Lujan, Esq.
>Jacob L. Rowe, Esq.
>Fulmer Group, PLLC
>Post Office Box 2448
>Oklahoma City, Oklahoma 73101
>
>***ATTORNEYS FOR PLAINTIFF***

>*s/J. Derrick Teague*
>J. Derrick Teague