

STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY

FILED In The
Office of the Court Clerk

JUN -6 2016

DOCKET_____PAGE_____RECORDED

Rhonda Hall, Court Clerk

_____ DEPUTY

IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

SCOTT CHAMBERS, )
 )
Plaintiff, )
 )
v. ) Case No.
 )
AMERICAN BANKERS INSURANCE ) CJ-16-646 W
COMPANY OF FLORIDA, )
 )
Defendant. )

## PETITION

COMES NOW the Plaintiff Scott Chambers, by and through his counsel of record, and for his causes of action against the Defendant American Bankers Insurance Company of Florida, alleges and states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff is, and was at all times relevant herein, a citizen of the State of Oklahoma and a resident of Cleveland County, Oklahoma.

2. Defendant American Bankers Insurance Company of Florida ("American Bankers") is a company organized and existing under the laws of the State of Florida with its headquarters and principal place of business in Miami, Florida, that is licensed to and does engage in the business of insurance in Oklahoma.

3. The District Court of Cleveland County has jurisdiction over this action pursuant to 12 O.S. §§ 137 and 187.

### FACTS

4. Plaintiff hereby adopts and re-alleges each of the facts and allegations set forth in paragraphs 1-3 above.



EXHIBIT 2

5. On April 3, 2015, Plaintiff was involved in an automobile collision near Newalla, Oklahoma, in which he was forced off the road and into a wire median barrier by a negligent driver, sustaining severe bodily injuries.

6. Plaintiff was knocked unconscious by the impact of the collision. When Plaintiff regained consciousness, he immediately threw up, had no feeling in his leg and noticed that he was bleeding from different parts of his body. Plaintiff was unaware of where he was or how he got into the median and there were no passing motorists that stopped to assist him, so Plaintiff called 911, but could not give the emergency operator his exact location due to his disorientation.

7. After the paramedics finally located him, Plaintiff was transported to OU Medical Center Emergency Department, where he was diagnosed with a severe concussion, as well as back injuries which caused a disc herniation requiring steroid injections and potential surgery. Plaintiff was required to wear a neck brace for seven weeks and received three injections in his lower back, in addition to extensive physical therapy. Plaintiff has incurred medical bills in excess of $69,000, and still needs back surgery as a result of his injuries.

8. At the time of the collision, Plaintiff was a named insured under a policy of personal automobile insurance issued by American Bankers. [Policy Declaration Page and Excerpts, attached as Exhibit 1]. The Policy provided with regard to UM coverage that: "we will pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury: (1) Sustained by an insured; and (2) Caused by an accident." [Exhibit 1].

9. By letter dated April 7, 2015, Plaintiff's counsel inquired of American Bankers whether Plaintiff's policy provided UM coverage for the accident.

10. On May 19, 2015, American Bankers responded that the policy did provide UM coverage in the amount of $50,000, but that the UM coverage was applicable only when the insured was injured while occupying a "covered vehicle." [Letter from Defendant to Thomas K. Ventura, attached as Exhibit 2]. [Exhibit 1]. American Bankers concluded the policy definition precluded coverage for Plaintiff under the circumstances, stating that:

> Accordingly, based on the information available to us, due to Mr. Chambers not occupying the covered auto (the 2000 Porsche) there is no UM/UIM coverage afforded under this policy for this loss and we must deny Mr. Chamber's claim for UM/UIM benefits.

[Exhibit 2].

11. By letter dated January 19, 2016, Plaintiff's counsel submitted his medical bills and records to American Bankers, and demanded that Defendant evaluate Plaintiff's claim and make payment of the policy limits of Plaintiff's UM coverage. [Letter from Thomas K. Ventura to Defendant, attached as Exhibit 3].

12. American Bankers responded by reiterating its position that the policy provided no UM coverage because Plaintiff was not occupying the covered vehicle at the time he was injured by the negligent motorist. [Letter from Defendant to Thomas K. Ventura, attached as Exhibit 4][1].

### PLAINTIFF'S FIRST CAUSE OF ACTION: BREACH OF THE INSURANCE CONTRACT

13. Plaintiff hereby adopts and re-alleges each of the facts and allegations set forth in paragraphs 1-12 above.

---

[1] Letter attached as Exhibit 4 appears to be improperly dated May 19, 2015.

3

14. At the time of the collision, Plaintiff was an insured under a personal automobile insurance policy provided by Defendant, which included UM coverage with policy limits of $50,000.

15. As a result of the bodily injuries Plaintiff suffered in the collision, his medical bills were in excess of $69,000, and he has experienced very significant pain, suffering and emotional distress. In addition, Plaintiff still requires back surgery as a result of the collision.

16. Defendant denied Plaintiff's demand for his UM policy benefits, in direct violation and disregard of Oklahoma law.

17. Therefore, Defendant has breached the contract of insurance.

18. As a direct and proximate result of Defendant's breach of the insurance contract, Plaintiff has suffered damages in excess of $50,000.

## PLAINTIFF'S SECOND CAUSE OF ACTION: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

19. Plaintiff hereby adopts and re-alleges each of the facts and allegations as set forth in paragraphs 1-18 above.

20. As an insurance company licensed to do business in the State of Oklahoma, Defendant American Bankers is bound by Oklahoma statutory and common law to honor its contractual obligations to its insureds in good faith. As such, Defendant has and continues to have a duty to deal fairly and in good faith with Plaintiff, its insured.

21. Defendant American Bankers breached its duty to deal fairly and in good faith with Plaintiff by failing to conduct a full and fair investigation of his claim.

22. Defendant American Bankers breached its duty to deal fairly and in good faith with Plaintiff by failing to fully and fairly consider and evaluate the facts and well-established Oklahoma law that were known or should have been known to American Bankers

4

with regard to Plaintiff's claim and wrongfully and unreasonably denying payment of Plaintiff's claim. Oklahoma law is clear that insurance companies are required to know and properly apply the applicable law when making claims decisions. *Willis v. Midland Risk Insurance Co.*, 42 F.3d 607 (10th Cir. 1994); *Mustain v. United States Fidelity and Guaranty Co.*, 1996 OK 98, 925 P.2d 533, 535 (holding that UM coverage is primary insurance coverage that follows the person).

23. As a result of Defendant American Bankers' breach of its duty to deal fairly and in good faith, Plaintiff has suffered damages in excess of $75,000.00.

24. Defendant American Bankers' breach of the duty of good faith and fair dealing was intentional and malicious. Defendant has a duty under Oklahoma law to properly train its adjusters in the knowledge and proper application of the law and knowingly failed to do so, creating a claims environment in which the law is routinely disregarded and claims are improperly denied.

25. Punitive damages should be awarded against Defendant American Bankers in amount sufficient to punish Defendant and deter others.

WHEREFORE, Plaintiff Scott Chambers prays for judgment against Defendant American Bankers Insurance Company of Florida for an amount in excess of $75,000.00 for damages, punitive damages, interest, attorney fees and such other relief as the Court deems just and equitable.

Respectfully submitted,

*[signature]*

Simone Gosnell Fulmer, OBA #17037
Harrison C. Lujan, OBA #30154
Jacob L. Rowe, OBA #21797
FULMER GROUP PLLC
P.O. Box 2448
Oklahoma City, OK 73101
Phone/Fax: (405) 510-0077
Email: sfulmer@fulmergrouplaw.com
hlujan@fulmergrouplaw.com
jrowe@fulmergrouplaw.com

**ATTORNEYS FOR PLAINTIFFS**

**ATTORNEY LIEN
JURY TRIAL DEMANDED**

01/14/2015

**American Bankers Insurance Company of Florida**
A Stock Insurance Company
11222 Quail Roost Dr, Miami FL 33157-6596
Send all correspondence to American Collectors Insurance
PO Box 8343, Cherry Hill NJ 08002-0343 (800) 630-6302

Page 1 of 1

### Antique and Collectible Vehicle Policy

#### Policy Declaration Page

**Producer**
American Collectors Insurance
PO Box 8343
Cherry Hill NJ 08002-0343
(800) 630-6302

**Named Insured**

Scott R Chambers
1101 S Avery Dr
Moore, OK 73160

**Policy Number** AVP2422158
**State** OK
**Agent Number** 4203760

**Policy Period** From: 01/15/2015
To: 01/15/2016
12:01 am Standard Time
**Transaction** New Business Term

This Declaration Page with policy provisions completes this policy.

#### Collector Vehicles

| # | Year | Make | Body | Model | Identification # | Agreed Value | Mileage Tier |
|---|------|------|------|-------|------------------|--------------|--------------|
| 1 | 2000 | Porsche | CONV | BOXSTR | WP0CA2983YU621770 | $12,000 | 5,000 |

#### Selected Coverages

Coverage is provided where a Premium and Limit of Liability are shown for the Coverage

| Coverage for Vehicle 1 | Limit | Deductible | Annual Premium |
|---|---|---|---|
| A Bodily Injury + Property Damage Liability | 50k/100k/25k | $0 Ded | $33.25 |
| B Medical Payments | $1,000 | $0 Ded | $6.65 |
| C Uninsured / Underinsured Motorist Non-stacked | 50k/100k | $0 Ded | $24.70 |
| D Coverage For Damage To Your Auto | | | |
| Other Than Collision | $12,000 | $0 Ded | $136.80 |
| Collision | $12,000 | $0 Ded | $114.00 |
| Towing and Labor for Collectors (TLC) Plan - Platinum | | | $34.95 |
| Spare Parts | $500 | | Included |
| **Vehicle Premium** | | | **$350.35** |

**Endorsements Made A Part Of This Policy**
AJ9898JPC-0808   AJ8272ERR-0509   PP00010105
PP13840603       PP13011299       NOTI1268-0714
AF9621ERR-1011   AJ9695EPC-1013   AJ9071ERR-1213

**Annual Premium**
Policy Total:   $350.35
**THIS IS NOT A BILL**

**Discounts**
USAA Affiliate Discount:   $16.60-
Policy Total Reflects All Discounts

# EXHIBIT 1

AJ9472DPC-1013

# AMERICAN BANKERS INSURANCE COMPANY
## OF FLORIDA
### [A STOCK INSURANCE COMPANY]
(11222 Quail Roost Drive, Miami, FL 33157-6596 (305) 253-2244]
[Administrative Office: American Collectors Insurance, Inc.]
(P.O. Box 8343, Cherry Hill, NJ 08002 (800) 360-2277]

## UNINSURED MOTORISTS COVERAGE - OKLAHOMA (NON-STACKED)

I. PART C - UNINSURED MOTORISTS INSURANCE

Part C is replaced by the following:

INSURING AGREEMENT

A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury":
  1. Sustained by an "insured"; and
  2. Caused by an accident.

  The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle."

  Any judgment for damages arising out of a suit brought by an "insured" against an uninsured motorist is not binding on us unless the "insured" has given us adequate notice of the filing and pendency of the action.

B. "Insured" as used in this endorsement means:
  1. You or any "family member" "occupying" "your covered auto."
  2. Any other person "occupying" "your covered auto."
  3. Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in 1. or 2. above.

C. "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:
  1. To which no bodily injury liability bond or policy applies at the time of the accident.
  2. To which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the amount of the claim of the person or persons making such claim, regardless of the amount of coverage of either of the parties in relation to each other.
  3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which causes an accident resulting in "bodily injury" to an "insured."
  4. To which a bodily injury liability bond or policy applies at the time of the accident, but the bonding or insuring company:
     a. Denies coverage; or
     b. Is or becomes insolvent.

However, "uninsured motor vehicle" does not include any vehicle or equipment:
  1. Owned by you or furnished or available for regular use unless a bodily injury liability bond or policy applies to that vehicle at the time of the accident but its limit for bodily injury liability is less than the amount of the claim of the person or persons making such claim.
  2. Owned by or furnished or available for the regular use of you or any "family member" unless it is a "your covered auto" to which Part A of the policy applies and liability coverage is excluded for damages sustained in the accident.
  3. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.
  4. Operated on rails or crawler treads.
  5. Designed mainly for use off public roads while not on public roads.
  6. While located for use as a residence or premises.

EXCLUSIONS

A. We do not provide Uninsured Motorists Coverage for "bodily injury" sustained by any "insured":
  1. Who is a "family member" while "occupying," or when struck by, any motor vehicle owned by that person which is not insured for Uninsured Motorists Coverage at the time of the accident and to whom no other Uninsured Motorists Coverage is available.
  This includes a trailer of any type used with that vehicle.

  2. While "occupying" any motor vehicle:
     a. Owned by you or any "family member"; or
     b. Furnished or available for the regular use of you or any "family member";


# ASSURANT
## Specialty Property®

American Bankers Insurance
Company of Florida
P.O. Box 979055
Miami, FL 33197-5055
T 800-358-0600
F 866-728-7098

May 19, 2015

Thomas K. Ventura, Esquire
Carr & Carr
1350 S.W. 89th
Oklahoma City, OK 73159-6352

    RE:   INSURED    :   Scott Chambers
            CLAIMANT  :   Scott Chambers
            POLICY#    :   AVP 2422158
            D/L           :   4/3/15
            CLAIM #    :   AVP 2422158
            YOUR #     :   39539

Dear Mr. Ventura:

This is in response to your April 7, 2015 correspondence in which you inquire whether this Antique and Collectible Vehicle policy affords any Uninsured/Underinsured Motorist's (UM/UIM) coverage for this accident.

According to the information made available to us, at the time of loss Mr. Chambers was occupying his employer's auto that was insured with USAA.

This Antique and Collectible Vehicle policy insures a 2000 Porsche and it does afford UM/UIM with $50,000/$100,000 split limits. However, the policy has an endorsement which restricts this coverage to only apply when the insured is occupying the covered auto.

Policy form AF9621ERR-1011 Uninsured Motorists Coverage - Oklahoma (Non-Stacked) Under Insuring Agreement the endorsement states: "B. "Insured" as used in this endorsement means: 1. You or any "family member" "occupying" "your covered auto".

Attached is a copy of both the declarations and this endorsement.

*Accordingly, based* upon the information available to us, due to Mr. Chambers not occupying the covered auto (the 2000 Porsche) there is no UM/UIM coverage afforded

**EXHIBIT 2**

under this policy for this loss and we must deny Mr. Chamber's claim for UM/UIM coverage under this policy.

Should you have any additional material information you would want us to consider or any questions regarding this matter please contact me at 800-358-0600 extension 35314.

Sincerely,

*Michael M. Hass*

Michael M. Hass
Claims Analyst
Assurant Specialty Property Claims
myclaiminfo@assurant.com

Eugene Carr (1922-1992)
Patrick E. Carr[1,2]
Michael Carr[1,2]
A. Laurie Koller[1,2,3]
Jack Beesley[1]
Erik S. Houghton[1]
Bryce A. Hill, Of Counsel[1]
† - A Professional Corporation
1 - Licensed in Oklahoma
2 - Licensed in Arkansas
3 - Licensed in Missouri
4 - Licensed in Georgia & West Virginia

# Carr&Carr
## Attorneys at Law

Oklahoma City

Tye H. Smith[1]
Brent D. Berry[1]
Greg Smart[1]
Stephen A. Dotter[1]
Thomas K. Ventura[1]
Christopher L. Brinkley[1,2,3,4]
Gary R. Morris, Of Counsel[1]

January 19, 2016

Oraefo Brown
American Collectors Insurance
P.O. Box 8343
Cherry Hill, NJ 08002-0343

   RE: Our Client:  Scott Chambers
      D/O/L:    April 3, 2015
      Your Insured: Scott Chambers
      Your Claim No.: 2422158
      Our File No.:  39539

Dear Oraefo:

  Enclosed you will find the following items documenting our damage claim:

    Schedule "A"- Medical Bills of Scott Chambers
    Schedule "B"- Medical Records of Scott Chambers

  At this time, we are asking that American Collectors Insurance evaluate this matter and make payment of UM policy limits as outlined in the *Burch v. Allstate* case.

  If you have any questions, please give me a call.

             Very truly yours,
             CARR & CARR, ATTORNEYS

             Thomas K. Ventura
             Attorney at Law

Enclosure

**OKLAHOMA CITY**
1350 S.W. 89th
Oklahoma City, OK 73159-6352
405.691.1600  800.296.6074
Fax 405.691.2128

**TULSA**
4416 South Harvard Avenue
Tulsa, OK 74135-2605
918.747.1000  800.777.4878
Fax 918.747.7284

www.CarrCarr.com

**NORTHWEST ARKANSAS**
2002 South 48th Street, Suite D
Springdale, AR 72762
479.770.0613  800.777.4878
Fax 479.770.0754

**EXHBIIT 3**



# ASSURANT
### Specialty Property®

American Bankers Insurance
Company of Florida
P.O. Box 979055
Miami, FL 33197-5055
T 855-876-0367
F 866-728-7098

May 19, 2015

Thomas K. Ventura, Esquire
Carr & Carr
1350 S.W. 89th
Oklahoma City, OK 73159-6352

RE: INSURED    : Scott Chambers
    CLAIMANT   : Scott Chambers
    POLICY#    : AVP 2422158
    D/L        : 4/3/15
    CLAIM #    : AVP 2422158
    YOUR #     : 39539

Dear Mr. Ventura:

This will acknowledge receipt of your January 19, 2016 correspondence addressed to Oraefo Brown in which you ask for evaluation and payment of this policy's UM policy limits.

Please be advised that on May 19, 2015 I sent to you a coverage denial letter. Our position has not changed. For your convenience I am attaching a copy of that denial letter.

Sincerely,

*Michael M. Hass*

Michael M. Hass
Claims Analyst
Assurant Specialty Property Claims
myclaiminfo@assurant.com

**EXHIBIT 4**